UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LELAND D. MARTIN also known as LELAND DAVID MARTIN, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) Case No. 2:12-cv-00314-JMS-WGH |
| J. F. CARAWAY, | ) ) |
| Respondent. | ) ) |

**Entry Discussing Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Petitioner Leland D. Martin is serving a 210-month term of imprisonment imposed by the United States District Court, Southern District of Indiana, in case number NA02-CR-23-1 B/F. This sentence is a result of a March 11, 2004, jury verdict finding Martin guilty of unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Martin's sentence was enhanced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). His conviction and sentence were affirmed on direct appeal in *United States v. Martin*, 399 F.3d 879 (7th Cir. 2005).

Now before the Court, is Martin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Martin argues that he is entitled to relief because he is serving an unlawful sentence. He claims that he is actually innocent of being an Armed Career Criminal because he has not been convicted of three prior violent felonies as defined by the ACCA and thus his sentence should not have been enhanced pursuant to § 924(e). Martin premises this claim on his contention that the prior convictions relied upon, at the time of his sentencing, were considered for purposes of the

ACCA "violent felonies" but, subsequent to *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009), do not qualify as such.

Given the Seventh Circuit's holding in *Narvaez v. United States*, 674 F.3d 621, 627-28 (7th Cir. 2011), Martin's claim that he is actually innocent of being an armed career offender may be raised in this § 2241 petition.

Counsel was appointed to represent Martin in this action. In reply to the return to order to show cause, Martin's counsel states that he is unaware of any good faith legal argument in support of the relief sought. Martin was given an opportunity to object to his counsel's conclusions and has done so. The merit of Martin's petition is now ripe for review.

## Discussion

Under the ACCA, any person convicted of being a felon in possession of a firearm who has "three previous convictions . . . for a violent felony . . . committed on occasions different from one another" is subject to a mandatory minimum prison term of fifteen years. 18 U.S.C. § 924(e)(1). The term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another. See § 924(e)(2)(B). In *Begay v. United States*, 553 U.S. 137 (2008), the Supreme Court held that Congress intended the ACCA to cover crimes that were similar in kind as well as in the degree of risk of physical injury posed to the crimes listed as examples in the statute, those being burglary, arson, extortion, or crimes involving the use of explosives. *Begay*, 553 U.S. at 142. Based on this reasoning, the Court in *Begay* determined that drunk driving is not a "violent felony" as defined in the ACCA. Similarly, in *Chambers,* the Supreme Court held that a state failure-to-report to jail offense did not have as an element the use,

attempted use, or threatened use of physical force, and was a relatively passive offense that did not involve conduct presenting a serious potential risk of physical injury to another, and therefore did not qualify as a "violent felony" under the ACCA.

Martin's appointed counsel obtained the charging instruments and judgments related to Martin's prior convictions and status as an Armed Career Criminal at his original sentencing and reviewed them for the purpose of filing a reply to the return to order to show cause in this action. Counsel explains that at the time Martin was sentenced, he had previously been convicted of five qualifying violent felonies under the ACCA, § 924(e):

1. October 21, 1969, Armed Robbery conviction;

2. December 8, 1970, Attempted Escape conviction;

3. February 13, 1975, conviction for Dwelling House Breaking;

4. Second February 13, 1975, conviction for Dwelling House Breaking;

5. September 11, 1994, conviction for Second Degree Escape.

There is no dispute that two of those prior qualifying convictions (attempted escape in 1970 and second-degree escape in 1994) would no longer be considered violent felonies subsequent to the January 13, 2009, decision in *Chambers*. Unfortunately for Martin, however, this Court agrees with the United States and appointed counsel that Martin's two prior convictions for dwelling house breaking and his 1969 conviction for armed robbery combine to provide the three required violent felonies necessary to support Martin's sentencing enhancement under the ACCA. Appointed counsel explains:

> The supporting documents filed with the government's return reflect that the Dwelling House Breaking offenses occurred on separate occasions, December 1, 1974 and December 17, 1974, respectively. Each indictment alleges that Mr. Martin did feloniously break and enter the dwelling house of another with the felonious intent to steal therefrom. Each of these two offenses qualify as generic burglary as defined in *Taylor v. United States*, 495 U.S. 575, 598 (1990) (an

> unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime). Armed Robbery remains a violent felony under the Armed Career Criminal Act. *United States v. Nigg*, 667 F.3d 929, 937-938 (7th Cir. 2012).

In response, to appointed counsel's analysis, Martin argues that his conviction for house breaking in the Commonwealth of Kentucky, Warren Circuit Court, case number 15996, should not count as one of the three violent felonies. See dkts. 22-1 (Indictment) and 22-3 (Order, Judgment and Final Sentence). Martin states that in 1974 (case number 15996) he was charged and convicted of removing a washer and dryer from the trailer home in which he lived. This conviction should not count as a violent felony, he argues, because there was no unlawful entry because Martin was a resident of the trailer and because it did not involve conduct that presented a serious potential risk of physical injury to another.

Martin's argument is not persuasive. The indictment alleges that on or about December 1, 1974, that Martin "did unlawfully, feloniously break and enter the dwelling house (a trailer) belong to" another "with the felonious intent to steal therefrom" and did "willfully and feloniously take, steal and carry away without the will or consent of the owner . . . one washer and one dryer." Dkt. 33-1 at p. 3. This was in violation of Kentucky State law, Ky. Rev. Stat. § 433.180, in effect in 1974, which provided:

> If any person ... shall feloniously break any dwelling house or any part thereof, or any outhouse belonging to or used with any dwelling house, with intent to steal ... he shall be confined in the penitentiary for not less than two nor more than ten years.

Reply. Dkt. 28 at 4. In other words, Martin was found guilty of unlawfully entering a building with the intent to commit a crime, specifically stealing. That is enough to establish a generic burglary conviction for purposes of the ACCA. *See Taylor*, 495 U.S. at 599 (discussing the meaning of the word "burglary" as it is used in § 924(e)). Martin's claim is that his entry into the trailer was not

unlawful or felonious is rejected because it is directly contradicted by his criminal record. Therefore the crime of dwelling house breaking in case no 15996 constitutes "burglary" for purposes of the § 924(e) sentence enhancement.

## Conclusion

Martin was properly sentenced under § 924(e) because he had been convicted of three prior violent felonies as defined by the ACCA. He is not entitled to any relief in this action. His petition is therefore denied and this action is dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _01/08/2014_

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Leland David Martin
Reg. No. 07019-028
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808